# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the May 5, 2007 DELAHOYA/MAYWEATHER Program,<br><br>                        Plaintiff,<br><br>        - against –<br><br><br>LEAH PATRICE LYNN, Individually and as officer, director, shareholder and/or principal of SITUATIONS, INC. d/b/a SITUATIONS BAR & GRILL a/k/a SITUATIONS LOUNGE,<br><br><br>and<br><br><br>SITUATIONS, INC. d/b/a SITUATIONS BAR & GRILL a/k/a SITUATIONS LOUNGE,<br><br>                    Defendant. | Index No.: 3:07-cv-439 |

## DEFENDANT'S MOTION TO DISMISS COUNT II OF THE PLAINTIFF'S COMPLAINT

Defendants, Leah Patrice Lynn and Situations, Inc., hereby move this Honorable Court

for an Order dismissing Count II of Plaintiff's Complaint against Defendants pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can

be granted, and granting Defendants such other further relief as the Court deems just and proper.

Support for this Motion is fully set forth in Defendant's accompanying Memorandum of

Law.

A proposed order is attached to the Memorandum of Law as Exhibit A.

Date: 1/8/08

Respectfully Submitted,

Jeffrey C. Watson
Attorney for the Defendants
Hammer & Hanf P.C.
3125 Springbank Lane, Suite G
Charlotte, NC 28226
(704) 927-0400 Phone
(704) 927-0485 Fax

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the May 5, 2007 DELAHOYA/MAYWEATHER Program, <br><br> Plaintiff, <br><br> - against -- <br><br> LEAH PATRICE LYNN, Individually and as officer, director, shareholder and/or principal of SITUATIONS, INC. d/b/a SITUATIONS BAR & GRILL a/k/a SITUATIONS LOUNGE, <br><br> and <br><br> SITUATIONS, INC. d/b/a SITUATIONS BAR & GRILL a/k/a SITUATIONS LOUNGE, <br><br> Defendant. | Index No.: 3:07-cv-439 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT II OF THE PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleged that Defendants Leah Patrice Lynn ("Ms. Lynn") and

Situations, Inc. ("Situations") re-transmitted a pay-per-view boxing match on a television set in

Situations Bar & Grill a/k/a Situations Lounge without authorization. Plaintiff's complaint

brought forth allegations of three counts: Count I alleges Defendants violated *47 U.S.C. §*

*605(a)*; Count II alleges that Defendants violated *47 U.S.C. § 605(3)(4)*; and Count III alleges

that Defendants violated *47 U.S.C. § 553*. Defendants hereby move to dismiss Count II of the

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A proposed Order is attached hereto as Exhibit A.

## COUNT II OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

Count II of Plaintiff's Complaint alleges a violation of *47 U.S.C. § 605(e)(4)*. Section 605(e)(4) states:

> Any person who **manufactures, assembles, modifies, imports, exports, sells, or distributes** any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services [emphasis added]. *See 47 U.S.C. § 605(e)(4)*.

The statute provides for statutory damages for each violation of not more than $100,000 and not less than $10,000. *See 47 U.S.C. § 605(e)(3)(c)(i)(II)*. Furthermore, "[i]n any case in which the court finds that the violation was committed **willfully** and for purposes of direct or indirect commercial advantage or private financial gain [emphasis added]", the statute permits courts to impose enhanced damages of up to $100,000. *See 47 U.S.C. § 605(e)(3)(C)(ii)*.

For Count II, Plaintiff's Complaint fails to allege any set of facts that would impose liability to Defendants under Section 605(e)(4). Count II of Plaintiff's Complaint states that:

> Upon information and belief, defendants and/or their agents, servants, workmen or employees, and each of them knowingly, **modified** a device or **utilized** equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity [emphasis added]. Complaint ¶ 26.

Section 605(e)(4) has consistently been held to apply to manufacturers and distributors, not end-users. Thus, Count II should be dismissed because neither **modification** by an end user of a device nor **utilization** of equipment by an end user to assist in unauthorized decryption of cable or satellite programming is actionable under *47 U.S.C. § 605(e)(4).*

With regard to the "**utilization**" allegation of paragraph 26 of the Complaint, the language of *47 U.S.C. § 605(e)(4)* itself makes clear that the statute applies to the acts of **manufacturing, assembling, modifying, importing, exporting, selling, or distributing** a device for the unauthorized viewing of satellite programming. Thus, it is without question that the mere "**utilization**" of a device by an end user is not prohibited by Section 605(e)(4).

With regard to the "**modify**" allegation of paragraph 26 of the Complaint, Section 605(e)(4) does not apply to end users who are not manufactures or distributors and who are only alleged to have merely modified a device. The Courts have held:

> Mere use by a consumer of such a device is not "modification" of a pirate access device within the meaning of § 605(e)(4). As several district courts have recognized, section 605(e)(4), which addresses the manufacture, assembly, modification, import, export, sale, and distribution of pirate access devices, **is aimed at "upstream manufacturers and distributors, not the ultimate consumer of pirating devices."**....Reading § 605(e)(4) as broadly as plaintiffs urge would render § 605(a) superfluous, since any use of a pirate access device to intercept satellite signals would also be deemed "modification" of DIRECTV's hardware. Given the heightened penalties for violations of § 605(e)(4), this Court concludes that Congress intended in that section to penalize manufacturers and distributors, not mere consumers of pirate access devices. The allegations in plaintiff's complaint are insufficient to establish that defendant violated subsection (e)(4). *See DIRECTV, Inc. v. Neznak, 371 F. Supp. 2d 130, 133 (D. Conn. 2005); citing DirecTV, Inc. v. Albright,* 2003 U.S. Dist. LEXIS 23811, No. 03-4603, 2003 U.S. Dist. LEXIS 23811, at *7 (E.D. Pa. December 9,

2003); *DIRECTV, Inc. v. Borich*, 2004 U.S. Dist. LEXIS 18899, No. 1:03-2146, 2004 WL 2359414, at *3 (S.D. W.Va. Sept. 17, 2004); *DIRECTV, Inc. v. McDougall*, 2004 U.S. Dist. LEXIS 23013, SA-03-CA-1165, 2004 WL 2580769, at *3 (W.D. Tex. Nov. 12, 2004)

As discussed in the *DIRECTV v. Neznak* case above, the Communication Act of 1934 addresses end-users of modified devices in *47 U.S.C. § 605(a)* not in Section 605(e)(4) as the Plaintiff has alleged. Under 47 U.S.C. § 605(a), which prohibits any person from "receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio", courts in some circumstances may impose damages of not less than $1,000 and not more than $10,000. Consequently, the damages the Courts may impose from violations of Section 605(e)(4) can be ten times greater than the possible damages imposed for violations of Section 605(a). *See* 47 U.S.C. § 605(e)(3)(C)(i)(II). Clearly, Section 605(e)(4) is intended for upstream manufacturers and distributors and not end-users.

Although we were unable to locate any precedence in the Fourth Circuit on the issue of the application of *47 U.S.C. § 605(e)(4)* to end users, many federal courts around the country have held that *47 U.S.C. § 605 (e)(4)* applies to manufacturers and distributors and not to end users. For instance, in the Second Circuit, where Plaintiff's Counsel has litigated numerous cases, the courts have consistently found that Section 605(e)(4) does not address the actions of end-users. See: *Joe Hand Promotions, Inc. v. Hernandez,* 2004 U.S. Dist. LEXIS 12159, at 11 (S.D.N.Y. June 30, 2004) ("damages for violations of § 605(e)(4) are unwarranted because this provision is targeted at the distributors of cable interception devices (e.g., satellite descramblers and "black boxes") and not at the end-users of such devices."); *J & J Sports Prods. v. Reales,* 2006 U.S. Dist. LEXIS 67700, at 5-6 (E.D.N.Y. Sept. 14, 2006) ("§ 605(e)(4) applies only to

manufacturers and distributors – and not to the end-users – of illegal pirating devices"); and

*Directv, Inc. v. Montes*, 338 F. Supp. 2d 352, 356 (D. Conn. 2004) ("a reasonable reading of this subsection (e)(4) demonstrates that it was intended to target upstream manufacturers and distributors, not the ultimate consumer of pirating devices, such as defendant."). Accordingly, several federal courts have found that allegations similar to those presented here are insufficient to impose liability under Section 605(e)(4).[1]

The allegations supporting the *47 USC § 605(e)(4)* claim in every case cited in the prior paragraph are comparable to those in Plaintiff's Complaint here. This is no coincidence, as counsel for Plaintiff (or her firm), has served as counsel for the plaintiff in every one of those cases, and in one of those cases the Plaintiff here is the same as the Plaintiff in that case. Despite the numerous holdings by the Court, Plaintiff persists in serving Defendants alleged to be no more than end-users with complaints asserting a meritless violation of Section 605(e)(4), presumably for the purpose of coercing larger settlements because of the ten times greater damages available in some circumstances under Section 605(e)(4). This coercive practice should not be condoned and Count II should be dismissed.

---

1 Defendants have not found any cases within the Fourth Circuit to the contrary.

## CONCLUSION

For the reasons stated above, Defendants respectfully ask that the Court follow the

consistent authority of the federal courts and dismiss Count II of the Complaint pursuant to Fed.

R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Date: 1/8/08

Respectfully Submitted,

Jeffrey C. Watson
Attorney for the Defendants
Hammer & Hanf P.C.
3125 Springbank Lane, Suite G
Charlotte, NC 28226
(704) 927-0400 Phone
(704) 927-0485 Fax

**EXHIBIT A**
# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the May 5, 2007 DELAHOYA/MAYWEATHER Program,<br><br>             Plaintiff,<br><br><br>    - against –<br><br><br>LEAH PATRICE LYNN, Individually and as officer, director, shareholder and/or principal of SITUATIONS, INC. d/b/a SITUATIONS BAR & GRILL a/k/a SITUATIONS LOUNGE,<br><br><br>and<br><br><br>SITUATIONS, INC. d/b/a SITUATIONS BAR & GRILL a/k/a SITUATIONS LOUNGE,<br><br>             Defendant. | Index No.: 3:07-cv-439-MR-DCK |

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of

Defendant's Motion to Dismiss Count II of Plaintiff's Complaint and the accompanying

Memorandum of Law,

    IT IS HEREBY ORDERED that Defendant's Motion is GRANTED.


DATED:_____            by:   _____

                                      Martin Karl Reidinger<br>                                      United States District Judge

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>      Plaintiff,<br><br><br>   - against –<br><br><br>LEAH PATRICE LYNN and SITUATIONS, INC.,<br><br>      Defendant. | Index No.: 3: 07-cv-439 |

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the Defendant's **MOTION TO DISMISS COUNT II OF THE PLAINTIFF'S COMPLAINT** and the accompanying memorandum of law is being served on the following parties as indicated below:

     Julie Cohen Lonstein, Esq.
     Attorney for Plaintiff
     Lonstein Law Office, P.C.
     1 Terrace Hill, P.O. Box 351
     Ellenville, NY 12428
     *Via ECF Notification*

Date: 1/8/08           Respectfully submitted,

                   Jeffrey C. Watson
                   Hammer & Hanf P.C.
                   3125 Springbank Lane
                   Suite G
                   Charlotte, NC 28226
                   (704) 927-0400 Phone
                   (704) 927-0485 Fax
                   Attorney for the Defendants