UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---

J & J SPORTS PRODUCTIONS, INC., as
Broadcast Licensee of the **May 5, 2007**
**DeLaHoya/Mayweather** Program,

               Plaintiff,

-against-

LEAH PATRICE LYNN, Individually and as
officer, director, shareholder and/or principal
of SITUATIONS, INC. d/b/a SITUATIONS
BAR & GRILL a/k/a SITUATIONS
LOUNGE, and SITUATIONS, INC. d/b/a
SITUATIONS BAR & GRILL a/k/a
SITUATIONS LOUNGE,

               Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**

Civil Action No. 07-CV-439-MR-DCK

Plaintiff, **J & J SPORTS PRODUCTIONS, INC.**, by and through its attorneys, Lonstein Law Office, P.C., respectfully submits the within Memorandum of Law in opposition to Defendants Motion to Dismiss Count II of the Complaint.

Plaintiff respectfully submits that the Motion to Dismiss for failure to state a claim under 47 U.S.C. §605(e)(4) filed by Defendants LEAH PATRICE LYNN, Individually and as officer, director, shareholder and/or principal of SITUATIONS, INC. d/b/a SITUATIONS BAR & GRILL a/k/a SITUATIONS LOUNGE, and SITUATIONS, INC. d/b/a SITUATIONS BAR & GRILL a/k/a SITUATIONS LOUNGE(hereinafter referred to as "Defendant") should be denied in its entirety.

**STATEMENT OF FACTS**

1

Plaintiff is in the business of selling Pay-Per-View boxing matches to commercial establishments. Commercial establishments purchase the rights from Plaintiff to exhibit these Pay-Per-View boxing matches to its patrons. The Plaintiff expends a large sum of capital in promoting such events. Unfortunately, through the use of methods that required the performance of some deliberate and willful act, potential purchasers, such as the Defendants herein, illegally obtain programs without paying the Plaintiff for the rights to exhibit such events.

According to the Complaint, Defendant exhibited the May 5, 2007 DeLaHoya/Mayweather boxing match to its patrons without paying Plaintiff, the exclusive owner of the commercial rights of the DeLaHoya/Mayweather boxing match. Plaintiff commenced the underlying action with the filing of its Summons and Complaint with the Clerk of the Court on October 16, 2007. Plaintiff's Complaint alleges that the Defendants hereto knowingly and willfully violated the Communications Act of 1934, as amended, 47 U.S.C. §605 (1996). In response to the Complaint, Defendant filed the instant Motion to Dismiss Count II of the Complaint.

Count II of the Complaint alleges that "defendants and/or their agents, servants, workmen or employees, and each of them knowingly, modified a device or utilized equipment" in an effort to obtain Plaintiff's pay-per-view programming for free, in violation of 47 U.S.C. §605(e)(4). In its motion to dismiss, Defendants argue that Plaintiff cannot prevail on a 47 U.S.C. §605(e)(4) claim because Defendant is only a "consumer end user" and maintains that 47 U.S.C. §605(e)(4) is only enforceable against manufactures or distributors of signal pirate devices.

Plaintiff respectfully submits that there is nothing in 47 U.S.C. §605(e)(4) that requires a Plaintiff to prove that a Defendant is a manufacturer and distributor of signal pirate devices. As such, Defendants Motion to Dismiss should be denied.

2

## BECAUSE 47 U.S.C. §605(e)(4) DOES NOT REQUIRE THAT A DEFENDANT BE A DEVICE MANUFACTURER IN ORDER TO BE LIABLE UNDER SAID STATUTE, PLAINTIFF SUBMITS THAT DEFENDANTS MOTION TO DISMISS BE DENIED

Defendant cites four Federal District cases from other districts in support of its motion. Plaintiff respectfully submits that this court alternatively follow DirecTv v. Raul Pernites, 200 Fed. Appx. 257; 2006 US. App. LEXIS 24007 (4th Cir., 2006) attached as Exhibit 'A', and DirecTv v. Marc Robson, 420 F.3d 532; 2005 U.S. App. LEXIS 16679(5th Cir., 2005) as more compelling decisions.

In Robson, a claim under § 605(e)(4) was brought against a Defendant who allegedly assembled an emulator in an effort to pirate DirecTV's satellite signal. The Western District Court of Louisiana held that "*[§] 605(e)(4) is a provision relating to manufacturers and sellers, rather than to individual users*" and dismissed the claim. The Fifth Circuit Court of Appeals reversed. According to the Fifth Circuit:

> We are persuaded that the district court erred by categorically removing all "individual users" from the reach of *§ 605(e)(4)*. A number of courts have adopted a similar construction, holding that *§ 605(e)(4)* exempts individual users--that is, the provision "targets upstream manufacturers and distributors, not the ultimate consumer of pirating devices." We reject this view. Nothing on the face of *§ 605(e)(4)* suggests such a limitation. Indeed, it provides that "any person" who engages in the prohibited activities is liable. *Section 605(e)(4)*, in its disjunctive list of prohibited activities, clearly covers the modification or assembly of pirate devices as separate and self-contained offenses by whoever commits them. While such activities are, no doubt, commonly within the purview of a "manufacturer" or "seller," there is no indication that the statute is intended to condone it when the actor is instead an "individual user." Lending weight to our interpretation, we have previously noted in a different context that "it is clear that *[§ 605(e)(4)]* pertains to commercial as well as individual users." citing *Harrell, 983 F.2d at 40*.

Id.

3

Pernites is an unpublished Fourth Circuit decision. In this case, DirecTv filed a complaint against an end user defendant alleging that the defendant violated § 605(e)(4) by intercepting DirecTv's signal by modifying or assembling a device. In a default hearing, the Eastern District of Virginia dismissed DirecTv's claim, holding that individual end users are exempt under § 605(e)(4). The Fourth Circuit vacated and remanded the District Court's decision. In vacating the decision, the Circuit Court stated that it found the DirecTv v. Marc Robson decision to be compelling, holding that § 605(e)(4) "does not categorically exempt individual users." See Id.

As stated by this Circuit and the Fifth Circuit, there is nothing in the statute that requires an entity to be an "upstream manufacturer and distributor" in order to be liable under § 605(e)(4). Section 605(e)(4) reads:

> **Any person** who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by *[§ 605(a)]*, shall be [liable]. (emphasis added.)

Again, Count II of the Complaint alleges that defendants and/or their agents, servants, workmen or employees, and each of them knowingly, *modified* a device or utilized equipment in an effort to obtain Plaintiff's pay-per-view programming for free. § 605(e)(4) is clearly disjunctive as it reads: "Any person who manufactures, assembles, modifies, imports, exports, sells, **or** distributes any electronic, mechanical, or other device or equipment".(emphasis added.) The statute itself does not require a Defendant be a manufacturer or distributor, but instead states "Any person" who violates the statute could be liable.

4

Because the statute is disjunctive, and the statute does not require that a Defendant be an upstream manufacturer or distributor in order to be liable, Defendants Motion to Dismiss should be denied.

## EVEN IF THIS COURT FINDS THAT DEFENDANT'S LEAD CASE, DIRECTV v. NEZNAK, TO BE MORE COMPELLING, DEFENDANTS WOULD NOT BE CONSIDERED AN END USER UNDER THE DECISION'S ANALYSIS

In its Motion to Dismiss, Defendants rely on DirecTv v. Neznak, 371 F. Supp. 2d 130 (D. Conn. 2005). In that action, in a default inquest, the United States District Court of Connecticut held that § 605(e)(4) "intended to penalize manufacturers and distributors, not mere consumers of pirate access devices." See Id. However, Defendant in the instant action is distinguishable from the Defendant in Neznak. The Defendant in the instant action allegedly pirated Plaintiff's signal for commercial use in a commercial setting, not in a private residence. As such, Defendant is not a mere "consumer of a pirate device" but, instead, a distributor to the extent that Defendant was exhibiting Plaintiff's signal to its patrons and the public for financial gain.

The Complaint alleges that Defendant modified a device in order to receive free pay-per-view programming for financial and commercial gain. Again, the Complaint does not allege that Defendant pirated Plaintiff's signal for private use, but instead charges that Defendant modified a device in order to pirate Plaintiff's signal for purposes of exhibiting the signal to its patrons. Such allegations are sufficient for a claim under § 605(e)(4). As such, Plaintiff respectfully requests that this court deny Defendants Motion to Dismiss.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety, and grant other and further relief as the Court deems just and proper under the circumstances.

5

Dated: January 24, 2008

**J & J SPORTS PRODUCTIONS, INC.**

By: s/Julie Cohen Lonstein
  JULIE COHEN LONSTEIN, ESQ.
    Attorney for Plaintiff
    LONSTEIN LAW OFFICE, P.C.
    Office and P.O. Address
    1 Terrace Hill : P.O. Box 351
    Ellenville, NY  12428
    Telephone:  (845) 647-8500
    Facsimile:   (845) 647-6277
    Email: Info@signallaw.com
    *Our File No.  07-4NC-W01V*

s/Allan P. Root
Allan P. Root, Esq.
Root & Root, PLLC
Resident Counsel
22 North Main Street
P.O. Box 727
Weaverville, NC 28787
Tel. (828)645-7080
Fax (828)658-2318

Exhibit 'A'

DIRECTV, INCORPORATED, Plaintiff - Appellant, versus RAULPERNITES, Defendant - Appellee, and JOHN MENHART; MICHAEL BASSHAM; DAVID CURTIS; CURTIS EDWARDS; STAN MARSH; SOPHIA MITCHELL; BILL PHOTINOS; DAVID RANDALL, Defendants.

No. 04-2483

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

200 Fed. Appx. 257; 2006 U.S. App. LEXIS 24007

August 31, 2006, Submitted
September 21, 2006, Decided

NOTICE:

[**1] RULES OF THE FOURTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

PRIOR HISTORY: Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (CA-03-386).
*DirecTV, Inc. v. Menhart*, 2004 U.S. Dist. LEXIS 22569 (E.D. Va., Oct. 27, 2004)

DISPOSITION: VACATED AND REMANDED.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff satellite television provider appealed an order of the United States District Court for the Eastern District of Virginia, at Norfolk, accepting a magistrate judge's recommendation to dismiss the provider's claims under *18 U.S.C.S. §§ 2511(1), 2520* and *47 U.S.C.S. § 605(e)(4)*.

OVERVIEW: With respect to the provider's *18 U.S.C.S. §§ 2511* and *2520* claim, the district court accepted the magistrate judge's conclusion that the provider did not have a cognizable claim because the legislative history of the Wiretap Act indicated that the statute was not intended to protect commercial satellite services from surreptitious interceptions by private individuals. While the instant appeal was pending, the court concluded in another case that a provider could maintain a cause of action under *18 U.S.C.S. §§ 2511* and *2520* against a private individual for the alleged interception of its encrypted satellite transmissions. Thus, the district court erred in dismissing the provider's claim under *18 U.S.C.S. §§ 2511* and *2520*. With respect to *47 U.S.C.S. § 605(e)(4)*, the district court held that *§ 605(e)(4)* was intended to cover sellers and manufacturers of intercepting devices, not end users. The court found persuasive a decision by the United States Court of Appeals for the Fifth Circuit, which held that *§ 605(e)(4)* pertained to commercial as well as individual users. Thus, the court concluded that *§ 605(e)(4)* did not categorically exempt individual users.

OUTCOME: The court vacated the district court's judgment and remanded to the district court with respect to the company's claim under *18 U.S.C.S. § 2511* and *§ 2520* and for an opportunity to consider in the first instance whether the evidence was sufficient to demonstrate assembly or modification within the meaning of *47 U.S.C.S. § 605(e)(4)*.

CORE TERMS: users, well-pleaded, vacate, admit, default judgment, private individuals, failure to state a claim, interception, modification, satellite, inserting, assembly, default, exempt

LexisNexis(R) Headnotes

Civil Procedure: Pretrial Judgments: Default: Default Judgments
[HN1] In the context of a default judgment, the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, so a court must determine whether the well-pleaded allegations in plaintiff's complaint support the relief sought in the action. A defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. Further, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.

Communications Law: Privacy: Wiretap Acts
Criminal Law & Procedure: Criminal Offenses: Miscellaneous Offenses: Illegal Eavesdropping: General Overview
[HN2] A satellite television provider can maintain a cause of action under *18 U.S.C.S. § 2511* and *§ 2520* against a private individual for the alleged interception of its encrypted satellite transmissions.

Communications Law: Theft of Services: General Overview
[HN3] *47 U.S.C.S. § 605(e)(4)* pertains to commercial as well as individual users. *Section 605(e)(4)* does not categorically exempt individual users.

COUNSEL: Howard Robert Rubin, Christian Stephen Genetski, SONNENSCHEIN, NATH & ROSENTHAL, LLP, Washington, D.C., for Appellant.

Raul Pernites, Appellee, Pro se.

JUDGES: Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

OPINION

[*257] PER CURIAM:

DIRECTV appeals a district court's order accepting a magistrate judge's recommendation inter alia to dismiss DIRECTV's claims under *18 U.S.C. §§ 2511(1)*, *2520 (2000)*, and under *47 U.S.C.A. § 605(e)(4) (West 2001)*. [*258] On appeal, DIRECTV challenges the court's dismissal of these two claims. We vacate and remand.

[HN1] In the context of a default judgment, "'[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" so a court must "determine whether the well-pleaded allegations in [plaintiff's] complaint support the relief[**2] sought in th[e] action." *Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)* (internal citations omitted). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)*. Further, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id.

With respect to DIRECTV's claim under *18 U.S.C. § 2511* and *§ 2520*, the district court accepted the magistrate judge's conclusion that DIRECTV did not have a cognizable claim, finding that the legislative history of the Wiretap Act indicated that the statute was not intended to protect commercial satellite services from surreptitious interceptions by private individuals. While this appeal was pending, we issued an opinion in *DIRECTV, Inc. v. Nicholas, 403 F.3d 223 (4th Cir. 2005)*, which is dispositive of this claim. In *Nicholas*, we specifically concluded that [HN2] DIRECTV could maintain a cause of[**3] action under *18 U.S.C. § 2511* and *§ 2520* against a private individual for the alleged interception of its encrypted satellite transmissions. See also *DIRECTV, Inc. v. Pepe, 431 F.3d 162 (3d Cir. 2005)* (same). Accordingly, because the district court erred in dismissing DIRECTV's claim under *18 U.S.C. § 2511* and *§ 2520*, for failure to state a claim, we vacate the judgment and remand with respect to this claim.

With respect to *47 U.S.C.A. § 605(e)(4)*, the district court held that *§ 605(e)(4)* is intended to cover sellers and manufacturers of intercepting devices, not end users, and accordingly dismissed the count for failure to state a claim. In *DIRECTV v. Robson, 420 F.3d 532 (5th Cir. 2005)*, the Fifth Circuit rejected the district court's construction that *§ 605(e)(4)* exempts individual users. *420 F.3d at 543-44*. Specifically, the court held [HN3] *§ 605(e)(4)* pertains to commercial as well as individual users. *Id. at 544*. We find the reasoning in *Robson* persuasive and accordingly conclude that *§ 605(e)(4)* [**4]does not categorically exempt individual users. We offer no opinion at this time on whether Pernites' alleged actions in removing and inserting pirate access devices and/or inserting illegally programmed access cards into valid DIRECTV receivers qualify as "assembly" and/or "modification" within the meaning of *§ 605(e)(4)*. Accordingly, we vacate judgment on this claim also and remand to the district court for an opportunity to consider in the first instance whether the evidence is sufficient to demonstrate assembly or modification within the meaning of *§ 605(e)(4)*.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---

**J & J SPORTS PRODUCTIONS, INC.**, as
Broadcast Licensee of the **May 5, 2007
DeLaHoya/Mayweather** Program,

              Plaintiff,

-against-

LEAH PATRICE LYNN, Individually and as
officer, director, shareholder and/or principal
of SITUATIONS, INC. d/b/a SITUATIONS
BAR & GRILL a/k/a SITUATIONS
LOUNGE, and SITUATIONS, INC. d/b/a
SITUATIONS BAR & GRILL a/k/a
SITUATIONS LOUNGE,

              Defendants.

---

**Certificate of Service**

Civil Action No. 07-CV-439-MR-DCK

I hereby certify that a true and correct copy of the Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss is being served on the following parties as indicated below:

Allan P. Root, Esq.
Attorney for the Defendant
Root & Root, PLLC
22 North Main Street
P.O. Box 727
Weaverville, NC 28787
Via Regular Mail and ECF Notification

Dated: January 25, 2008

                                        **J & J SPORTS PRODUCTIONS, INC.**

                                        By: s/Julie Cohen Lonstein
                                          JULIE COHEN LONSTEIN, ESQ.
                                          Attorney for Plaintiff

1

LONSTEIN LAW OFFICE, P.C.
Office and P.O. Address
1 Terrace Hill : P.O. Box 351
Ellenville, NY 12428
Telephone: (845) 647-8500
Facsimile: (845) 647-6277
Email: Info@signallaw.com
*Our File No. 07-4NC-W01V*


s/Allan P. Root
Allan P. Root, Esq.
Root & Root, PLLC
Resident Counsel
22 North Main Street
P.O. Box 727
Weaverville, NC 28787
Tel. (828)645-7080
Fax (828)658-2318