UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the May 5, 2007 DELAHOYA/MAYWEATHER Program, <br><br> Plaintiff, <br><br> - against – <br><br> LEAH PATRICE LYNN, Individually and as officer, director, shareholder and/or principal of SITUATIONS, INC. d/b/a SITUATIONS BAR & GRILL a/k/a SITUATIONS LOUNGE, <br><br> and <br><br> SITUATIONS, INC. d/b/a SITUATIONS BAR & GRILL a/k/a SITUATIONS LOUNGE, <br><br> Defendants. | Index No.: 3:07-cv-439 |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendants, Leah Patrice Lynn and Situations, Inc., by and through its attorneys, Hammer & Hanf, P.C., respectfully submit this Memorandum of Law in Reply to Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss ("Opposition"). The multiple inaccuracies or intentional misrepresentations in Plaintiff's Opposition compel Defendants to file this reply.

## INTRODUCTION

Plaintiff's complaint alleged that Defendants re-transmitted a pay-per-view boxing match on a television set in Situations Bar without authorization. Plaintiff's complaint brought forth allegations of three counts: Count I alleges Defendants violated *47 U.S.C. § 605(a)*; Count II alleges that Defendants violated *47 U.S.C. § 605(e)(4)*; and Count III alleges that Defendants violated *47 U.S.C. § 553*. Defendants moved to dismiss Count II of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff has opposed Defendants' Motion to Dismiss Count II.

In Defendants' motion to dismiss count II, defendants showed that numerous Federal Courts from around the country have held that *47 U.S.C. § 605(e)(4)* does not provide a cause of action for the alleged actions of the instant Complaint. In opposition of Defendants' Motion to Dismiss, Plaintiff brought forth two cases to rebut the abundant case law presented by Defendants in support of dismissing Count II of Plaintiff's Complaint. These two cases, *DirectTv v. Robson* and *DirectTv v. Pernitez,* are clearly <u>distinguishable</u> from the Plaintiff's Complaint. Plaintiff failed to address these distinctions and misconstrued the term "individual users" from these two cases to be synonymous with the term "end user" as presented in Defendant's Motion to Dismiss. In addition, Plaintiff <u>incorrectly</u> asserted that, according to the *DirecTv v. Neznak* case submitted by Defendants, Defendants were a distributor and not a mere "end user" for the purposes of *47 U.S.C. § 605(e)(4)*.

## THE DIRECTV V. ROBSON CASE IS CLEARLY DISTINGUISHABLE FROM THE PLAINTIFF'S COMPLAINT

In Plaintiff's Opposition, Plaintiff brought forth the *DirectTv v. Robson* case in support of their position that Count II of Plaintiff's Complaint should not be dismissed. Opposition at 3-5.

Plaintiff asserted the *DirectTv v. Robson* case to show that <u>one</u> court has held that *47 U.S.C. § 605(e)(4)* applies not only to manufacturers and distributors but to individual users. However, Plaintiff failed to point out the clear differences between *DirectTv v. Robson* and Plaintiff's Complaint, and misconstrued the term "individual user" to be synonymous with the term "end user" as presented in Defendants' Motion to Dismiss.

Plaintiff's Complaint merely alleges that Defendants exhibited a boxing match that Plaintiff owned the copyright on without compensating Plaintiff. Plaintiff stated in their Opposition that the basis of their Complaint is that "Defendant[s] exhibited the May 5, 2007 DeLaHoya/Mayweather boxing match to its patrons without paying Plaintiff." Opposition at 2. Plaintiff's have not alleged any specific allegations to show that Defendants modified a device under *47 U.S.C. § 605(e)(4)*.

On the other hand, in *DirecTv v. Robson*, the Court explained the specific allegations of DIRECTV as follows:

> DIRECTV <u>alleges</u> that Robson violated <u>47 U.S.C. § 605(e)(4)</u> by assembling a device called an **'emulator'** which, when used in conjunction with a computer and certain software, will allow an **individual** to decrypt DIRECTV's satellite transmissions and receive DIRECTV programming without paying for it. DIRECTV also alleges that Robson violated <u>47 U.S.C. § 605(e)(4)</u> by using a different device called an **'unlooper'** to modify a DIRECTV access card to enable it to illegally decrypt DIRECTV's satellite transmissions [emphasis added]. *DIRECTV Inc. v. Robson*, 420 F.3d 532 at 543 (5th Cir. 2005).

It is clear that the allegations in the Complaint of the *DirecTv v. Robson* case included specific allegations that Robson modified a device under *47 U.S.C. § 605(e)(4)* by assembling an **emulator** or using an **unlooper**. As a result of Robson's use of his extremely technical "computer consultant" skills, like assembling an **emulator** or using an **unlooper**, the Court held that *47 U.S.C. § 605(e)(4)* may be applicable to an "individual user" who modified a device. *Id.*

at 535 and 543. However, the court in *DirecTv v. Robson* did not address the issue of whether a mere "end user" who has not been alleged to have used any technical or "computer consultant" skills to modify a device is applicable under *U.S.C. § 605(e)(4)*. Clearly, the Plaintiffs have misconstrued the meaning of mere "end user" from Defendants Motion to Dismiss to mean an "individual user" that has used technical skills to modify a device, as in *DirecTv v. Robson*. An "individual user" that has modified a device by assembling an **emulator** or using an **unlooper** certainly can not be a mere "end user" of that modified device.

In Plaintiff's Complaint, there are no specific allegations that Defendants assembled an **emulator** or used an **unlooper** to exhibit the boxing match. Thus, the instant case is clearly distinguishable from the holding of *DirecTv v. Robson*. Accordingly, the Court should follow the numerous Federal Courts from around the country and hold that *47 U.S.C. § 605(e)(4)* does not provide a cause of action for the alleged actions of being a mere "end user" as in the instant Complaint.

## THE DIRECTV V. PERNITEZ CASE IS CLEARLY DISTINGUISHABLE FROM THE PLAINTIFF'S COMPLAINT

In Plaintiff's Opposition, Plaintiff brought forth the *DirectTv v. Pernitez* case in support of their position that Count II of Plaintiff's Complaint should not be dismissed. Opposition at 3-5. Plaintiff asserted the *DirectTv v. Pernitez* case to show that the 4th Circuit has held that *47 U.S.C. § 605(e)(4)* applies not only to manufacturers and distributors but to "individual users." However, Plaintiff failed to point out the clear differences between Plaintiff's Complaint and *DirectTv v. Pernitez*, and plainly misconstrued the term "individual user" to be synonymous with an "end user" as presented in Defendants' Motion to Dismiss.

*DirectTv v. Pernitez* relies on the holding in the *DirecTv v. Robson* case. As discussed *supra*, *DirecTv v. Robson* is clearly <u>distinguishable</u> from the instant Complaint.

Plaintiff's Complaint merely alleges that Defendants exhibited a boxing match that Plaintiff owned the copyright on without compensating Plaintiff. Thus, Plaintiff's have not alleged any specific allegations to show that Defendants modified a device under *47 U.S.C. § 605(e)(4)*. On the other hand, in the *DirectTv v. Pernitez* the court stated:

> We offer no opinion at this time on whether <u>Pernites' alleged actions</u> in removing and inserting **pirate access devices** and/or inserting illegally **programmed access cards** into DIRECTV receivers qualify as 'assembly' and/or 'modification' within the meaning of *§ 605(e)(4)* [emphasis added]. *DirecTv v. Pernites*, 200 Fed. Appx. 257, 2006 US. App. LEXIS 24007 (4th Cir. 2006) (<u>Exhibit A</u> to Defendant's Opposition)..

It is clear that the allegations in the Complaint of *DirectTv v. Pernitez* included specific allegations that Pernitez modified a device under *47 U.S.C. § 605(e)(4)* by inserting **pirate access devices** and/or illegally **programmed access cards** into DirecTv's receivers. As a result of Pernitez's use of **pirate access devices** and/or illegally **programmed access cards**, the Court held that *DirecTv v. Robson* is applicable, and *47 U.S.C. § 605(e)(4)* may be applicable to Pernitez, an "individual user" that is alleged to have inserted **pirate access devices** and/or illegally **programmed access cards** into DirecTv's receivers. However, *DirectTv v. Pernitez* (like the *DirecTv v. Robson* case) did not address the issue of whether a mere "end user" who has not been alleged to have inserted **pirate access devices** and/or illegally **programmed access cards** to modify a device is applicable under *47 U.S.C. § 605(e)(4)*. Clearly, the Plaintiffs have misconstrued the meaning of mere "end user" from Defendants Motion to Dismiss to mean an "individual user" that has inserted pirate devices and/or access cards into a device, as in *DirectTv v. Pernitez*. An "individual user" that has modified a device by inserting **pirate access devices**

and/or illegally **programmed access cards** certainly can not be a mere "end user" of that modified device.

In Plaintiff's Complaint, there are no specific allegations that Defendants inserted **pirated access devices** and/or illegally **programmed access cards** into any devices to exhibit the boxing match. Thus, the instant case is clearly <u>distinguishable</u> from the holding of *DirectTv v. Pernitez*. Consequently, the Court should follow the numerous Federal Courts from around the country and hold that *47 U.S.C. § 605(e)(4)* does not provide a cause of action for the alleged actions of being a mere "end user" as in the instant Complaint.

## <u>DEFENDANTS ARE NOT DISTRIBUTORS UNDER *47 U.S.C. § 605(e)(4) ACCORDING TO DIRECTV V. NEZNAK*</u>

In Plaintiff's Opposition, Plaintiff asserted that the instant complaint is distinguishable from the *DirecTv v. Neznak* case because in the instant Complaint Defendants are alleged to have shown a boxing match in a commercial setting, thus, they were distributors of a modified device and not mere "end users" under *35 U.S.C. §605(e)(4)*. Opposition at 5. Plaintiff argued:

> The Defendant in the instant action is distinguishable from the Defendant in Neznak. The Defendant in the instant action allegedly pirated Plaintiff's signal for commercial use in a commercial setting, not in a private residence. As such, Defendant is not a mere "consumer of a pirate device" but, instead, a distributor to the extent that Defendant was exhibiting Plaintiff's signal to its patrons and the public for financial gain. Opposition at 5.

Plaintiff is asserting that one becomes a distributor of a modified device by merely using it in a commercial setting. However, the use of a device, whether it is commercial or residential, clearly does not make one a distributor of that device as Plaintiff has asserted. Plaintiff would have the court play its fool. The commercial distribution alleged in Plaintiff's Complaint is of

the TV signal for a boxing match, which is clearly covered under *47 U.S.C. § 605(a)*, not the distribution of the device that provides that TV signal, which would be clearly covered under *47 U.S.C. §605(e)(4)*.

In Plaintiff's Complaint, there are no specific allegations that Defendants have done any more than exhibited a boxing match in a commercial setting. Thus, the allegations of the complaint do no more than allege that Defendants were mere "end users", like in *DirecTv v. Neznak*. Thus, the Court should follow the numerous Federal Courts from around the country, including the court in *DirecTv v. Neznak*, and hold that *47 U.S.C. § 605(e)(4)* does not provide a cause of action for the alleged actions of being a mere "end user" as in the instant Complaint.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully ask that the Court dismiss Count II of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Date: 2/1/08

Respectfully Submitted,

Jeffrey C. Watson
Attorney for the Defendants
Hammer & Hanf P.C.
3125 Springbank Lane, Suite G
Charlotte, NC 28226
(704) 927-0400 Phone
(704) 927-0485 Fax

K:\FIRMDOCS\2140\002\ReplytoOppositiontoMotiontoDismissCountII.doc