IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:07-CV-439-MR-DCK

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| LEAH PATRICE LYNN, d/b/a ) | |
| SITUATIONS BAR & GRILL a/k/a ) | |
| SITUATIONS LOUNGE, and ) | |
| SITUATIONS, INC. d/b/a SITUATIONS ) | |
| BAR & GRILL a/k/a SITUATIONS ) | |
| LOUNGE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion to Dismiss Count II Of The Plaintiff's Complaint" (Document No. 8) and "Memorandum of Law in Support Of Defendants' Motion To Dismiss Count II Of The Plaintiff's Complaint" (Document No. 8), filed January 8, 2008; "Plaintiff's Memorandum of Law in Opposition To Motion To Dismiss" (Document No. 9), filed January 25, 2008; and Defendants' "Reply To Plaintiff's Opposition To Motion To Dismiss" (Document No. 11), filed February 1, 2008. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this motion is now ripe for disposition.

After careful consideration of the papers, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to dismiss Count II of the Complaint be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

J & J Sports Productions, Inc. ("Plaintiff") filed its "Complaint" (Document No. 1) in this matter on October 16, 2007, alleging that Leah Patrice Lynn, Situations, Inc., and Situations Bar & Grill ("Defendants"): (1) intercepted, received and/or de-scrambled Plaintiff's satellite signal and exhibited Plaintiff's closed circuit DeLaHoya/Mayweather Program ("Program")(a boxing match, including undercard bouts) willfully and for purposes of direct or indirect commercial gain pursuant to 47 U.S.C. § 605(a); (2) knowingly modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity in violation of 42 U.S.C. § 605(e)(4); and (3) with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, exhibited the Program willfully and for purposes of direct or indirect commercial advantage or private financial gain pursuant to 47 U.S.C. § 553. (Document No. 1 at 3-7).

Plaintiff is a California corporation, which was granted the right by contract to distribute the Program scheduled for May 5, 2007 through closed circuit television and encrypted satellite signal. Pursuant to the contract, Plaintiff entered into agreements with various entities in the State of North Carolina, allowing them to publicly exhibit the Program to their patrons. Defendants allegedly intercepted or de-scrambled the satellite signal and exhibited the Program at Defendants' business entity for financial gain. Plaintiff contends that Defendants' unauthorized exhibition of the May 5, 2007 Program violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain.

2

On January 8, 2008, Defendants filed their "...Motion to Dismiss Count II..." (Document No. 8). Plaintiff responded to the motion on January 25, 2008 (Document No. 9), and Defendants replied to Plaintiff's response on February 1, 2008 (Document No. 11).

## II. STANDARD OF REVIEW

The motion to dismiss is based on a party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion "is to test the sufficiency of a complaint; 'importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999), quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). When a court reviews a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), cert. denied, 510 U.S. 1197 (1994). While the court must accept the plaintiff's allegations as true, the court "need not accept the legal conclusions drawn from the facts" [and] "[s]imilarly, [the court] need not accept as true unwarranted inference, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). As the Supreme Court has explained:

> While a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. **Factual allegations must be enough to raise a right to relief above the speculative level** ...on the assumption that all of the complaint's allegations are true.

3

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted)(emphasis added). Therefore, a complaint will survive a Rule 12(b)(6) motion to dismiss if it sets forth "enough facts to state a claim to relief that is plausible on its face." Id. at 1960.

### III. DISCUSSION

Defendants contend that Plaintiff has not adequately asserted that Count II of the Complaint applies to the parties in the instant case. They argue that the claim should be dismissed because it "fails to allege any set of facts that would impose liability to Defendants" under 47 U.S.C. § 605(e)(4). (Document No. 8 at 4). The undersigned agrees.

Count II of the Complaint alleges that Defendants "knowingly modified a device or utilized equipment, having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity." (Document No. 1 at 5-6). Plaintiff contends that Defendants violated 47 U.S.C. § 605(e)(4). The statute states:

> Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services or is intended for any other activity prohibited by subsection (a) of this section, shall be fined not more than $500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both. For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

47 U.S.C. § 605(e)(4).

Defendants argue that § 605(e)(4) has consistently been held to apply to manufacturers and distributors, not to end-users. They contend that Count II should be dismissed because Defendants

4

neither modified nor utilized a device to assist in an unauthorized decryption of satellite cable programming or direct-to-home satellite services.

First, with regard to their alleged utilization, Defendants contend that the statute clearly applies to the manufacturing, assembling, modifying, importing, exporting, selling, or distributing of a device or equipment, and does not address *utilizing*. Therefore, the mere "utilization" of a device or equipment by an end user is not prohibited by § 605(e)(4).

Next, Defendants argue that the "modification" by an end-user, rather than a manufacturer or distributor, is not actionable. Defendants contend that courts have held that "mere use by a consumer of such a device is not 'modification' of a pirate access device within the meaning of § 605(e)(4)" [and] section 605(e)(4) "is aimed at 'upstream manufacturers and distributors, not the ultimate consumer of pirating devices.'" DIRECTV, Inc. v. Neznak, 371 F. Supp. 2d 130, 133 (D. Conn. 2005), citing DIRECTV, Inc. v. Albright, 2003 WL 22956416, at *2 (E.D. Pa. Dec. 9, 2003); see also, Joe Hand Promotions, Inc. v. Hernandez, 2004 U.S. Dist. LEXIS 12159, at *11 (S.D.N.Y. June 30, 2004) (stating that "damages for violations of § 605(e)(4) are unwarranted because this provision is targeted at the distributors of cable interception devices and not at the end-users of such devices); J & J Sports Prods. v. Reales, 2006 U.S. Dist. LEXIS 67700, at *5-6 (E.D.N.Y. Sept. 14, 2006) (determining that "§ 605(e)(4) applies only to manufacturers and distributors – and not to end-users – of illegal pirating devices"); DirecTV, Inc. v. Montes, 338 F. Supp. 2d 354, 356 (D. Conn. 2004) (holding that "a reasonable reading of this subsection (e)(4) demonstrates that it was intended to target upstream manufacturers and distributors, not the ultimate consumer of pirating devices").

This Court also recently reached the conclusion that the statute in question does not apply to the ultimate consumer or end-user:

5

> Numerous courts have found, and this Court agrees, that Section 605(e)(4) targets "upstream manufacturers and distributors, not the ultimate consumer of pirating devices." DIRECTV v. Borich, 2004 U.S. Dist. LEXIS 18899, No. Civ. A. 1:03-2146, 2004 WL 2359414 (S.D.W.Va. Sept. 17, 2004)(noting that the act of installing and activating a pirate access device does not convert an individual into a manufacturer or distributor of such device as contemplated by Section 605(c)(4)); see also DIRECTV v. Albright, 2003 U.S. Dist. LEXIS 23811, No. Civ. A. 03-4603, 2003 WL 22956416 (E.D. Pa. Dec. 9, 2003)(finding that a "reasonable reading of this provision demonstrates that § 605(e)(4) targets upstream manufacturers and distributors, not the ultimate consumer of pirating devices"); . . . DIRECTV v. Hussain, 2004 U.S. Dist. LEXIS 28720, No. Civ. A.03-6482, 2004 WL 1125937 (E.D. Pa. May 20, 2004)(finding that Section 605(e)(4) relates to manufacturers and sellers, rather than users).
> . . . Furthermore, the Court does not find that merely inserting and removing a Pirate Access Device and/or inserting illegally programmed Access Cards into a valid DIRECTV Receiver is the type of modification or assembly prohibited by Section 605(e)(4).
> In the instant case, DIRECTV's Complaint does not allege that Defendant is an upstream manufacturer or distributor, nor did DIRECTV sufficiently establish that Defendant manufactured, assembled, modified, imported, exported, sold, or distributed Pirate Access Devices.

DIRECTV, INC., v. Frazier, No. 3:04cv00446, 2006 U.S. Dist. LEXIS 54705, at *12-15 (W.D.N.C. August 4, 2006)(internal citations omitted).

Defendants argue that only § 605(a) addresses end-users of modified devices, while § 605(e)(4) concerns manufacturers and distributors. Moreover, Defendants allege that the damages a court may impose under § 605(e)(4) are ten times greater than those imposed under § 605(a) for individual end-users, and this fact provides further evidence that Congress intended § 605(e)(4) to apply to manufacturers and distributors.

Plaintiff asserts that because there is nothing in § 605(e)(4) requiring a plaintiff to prove that a defendant is a manufacturer or a distributor of a signal pirate device, the motion should be denied.

6

Plaintiff argues that § 605(e)(4) provides that "any person" who violates the statute is liable. (Document No. 9 at 4).

Plaintiff contends that two cases are more compelling than those cited by Defendants. First, in DIRECTV, Inc. v. Robson, 420 F.3d 532 (5th Cir. 2005) the Fifth Circuit rejected the view that § 605(e)(4) only targets upstream distributors and manufacturers. That court held that the statute "clearly covers the *modification* or *assembly* of pirate devices as separate and self-contained offenses by *whoever* commits them." Robson, 420 F.3d at 544. Plaintiff also cites DIRECTV, Inc. v. Pernites, 200 Fed. Appx. 257 (4th Cir. 2006), an unpublished Fourth Circuit decision, in which the court vacated and remanded a decision of the district court that held individual end users are exempt under § 605(e)(4). In vacating and remanding, the Fourth Circuit found "the reasoning of Robson persuasive and accordingly conclud[ed] that § 605(e)(4) does not categorically exempt individual users." Id. at 258.

In these cases, which the Plaintiff submits this Court should follow, the circuit courts declined to offer an opinion on whether the alleged actions of inserting pirate access devices, chips, or cards qualified as "assembly" or "modification" within the meaning of § 605(e)(4). (Document No. 9 at 3); Robson, 420 F.3d at 545; Pernites, 200 Fed. Appx. at 258. In both of these "more compelling decisions," the circuit courts remanded to the district courts for consideration in the first instance of whether the evidence demonstrated assembly or modification violating § 605(e)(4). Id. Subsequently, the Robson case was settled before the district court made a finding, and the United States District Court for the Eastern District of Virginia determined in the Pernites case that "Plaintiff has not stated a viable claim under § 605(e)(4) because Defendant's conduct does not constitute 'assembly' or 'modification'"within the meaning of the statute." DIRECTV, Inc. v. Marc

7

Robson, No. 04-0269, Judgment Of Dismissal, With Prejudice at 1 (W.D.La. July 12, 2006); DIRECTV, Inc. v. Raul Pernites, No. 2:03cv386, Memorandum Opinion & Order at 1-2 (E.D.Va. March 7, 2007).

Robson and Pernites are distinguishable from the instant case because Plaintiff has not forecast any evidence of Defendants modifying or assembling a device in order to exhibit the Program. In Robson, it was alleged that the defendant violated the statute "by assembling a device called an 'emulator' which, when used in conjunction with a computer and certain software, will allow an individual to decrypt DIRECTV's satellite transmission and receive DIRECTV programming without paying for it" and defendant modified the device by using an unlooper to alter the DIRECTV access card to enable it to illegally decrypt the satellite transmissions. Robson, 420 F.3d at 543. The plaintiff in Robson set forth detailed allegations that support an argument that defendant modified and/or assembled a device in order to make the claim actionable under § 605(e)(4).

Likewise, the Pernites case included specific allegations that Defendant had inserted pirate access devices and/or illegally programmed access cards into valid DIRECTV receivers. Pernites, 200 Fed. Appx. at 258. Defendants contend that the instant case is distinguishable because Plaintiff has not made any specific allegations to show that the Defendants modified or assembled a device. The undersigned agrees.

Notably, the Fourth Circuit has held that the 47 U.S.C. § 605(e)(4) may be applicable to an individual user who allegedly modified a device, but it has not addressed whether a consumer or mere end-user who has not been alleged to have inserted pirate access devices and/or illegally

programmed access cards to modify a device, is actionable under the statute. Id. The Fourth Circuit recently reaffirmed its position on this issue:

> This court previously held, in an unpublished opinion, "that § 605(e)(4) does not categorically exempt individual users." We offer no opinion here regarding the issue addressed in Pernites - whether § 605(e)(4) might properly be applied to end users like Rawlins. Many courts have held that § 605(e)(4) targets only upstream manufacturers and distributors and not the ultimate consumers of pirating devices.

DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 n.6 (4th Cir. 2008)

Again, in the instant case, there is no allegation of Defendants inserting a pirate access device or illegally programming access cards. In fact, it is not clear at all that Plaintiffs have sufficiently alleged any modification. Count II of the Complaint alleges that Defendants "modified a device **or** utilized equipment." (Document No. 1 at 5)(emphasis added). Thus, the Complaint is vague about the violation it is alleging. As discussed above, utilization of equipment is not prohibited by section 605(e)(4) of the statue.

Plaintiff's Complaint states that "[w]hile Plaintiff is "unable to determine the manner in which Defendants obtained the programming, it is logical to conclude Defendants either used an illegal satellite receiver, misrepresented their business establishment as a residence or engaged in 'mirroring' by taking a legitimate receiver from their home to their business establishment...." (Document No. 1 at 5). Not only does Plaintiff concede they do not know how Defendants obtained the programming, they posit theories that do not include manufacturing, assembling, modifying, importing, exporting, selling, or distributing of a device or equipment, as the means of access to the Program. Such a claim does not assert "factual allegations ...enough to raise a right to relief above

9

the speculative level" as required to defeat a motion to dismiss. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007).

Based on the foregoing, the undersigned finds that Defendants' motion to dismiss should be granted. Plaintiff here has failed to sufficiently assert a claim for violation of 47 U.S.C. § 605(e)(4) beyond the "speculative level."

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Motion to Dismiss Count II" (Document No. 8) be **GRANTED.**

## V. NOTICE OF APPEAL OF RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusion of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to *de novo* review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n. 3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Martin K. Reidinger.

**IT IS SO RECOMMENDED.**

Signed: July 16, 2008

David C. Keesler
United States Magistrate Judge

11