UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the May 5, 2007 DELAHOYA/MAYWEATHER Program,<br><br>Plaintiff,<br><br>- against –<br><br>LEAH PATRICE LYNN, Individually and as officer, director, shareholder and/or principal of SITUATIONS, INC. d/b/a SITUATIONS BAR & GRILL a/k/a SITUATIONS LOUNGE,<br><br>and<br><br>SITUATIONS, INC. d/b/a SITUATIONS BAR & GRILL a/k/a SITUATIONS LOUNGE,<br><br>Defendant. | Index No.: 3: 07-cv-439-MR-DCK |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Leah Patrice Lynn (sued herein as Leah Patrice Lynn, Individually and as officer, director, shareholder and or principal of Situations, Inc. d/b/a Situations Bar & Grill a/k/a Situations Lounge) ("Ms. Lynn") and Situations, Inc. (sued herein as "Situations Inc. d/b/a Situations Bar & Grill a/k/a Situations Lounge) ("Situations")(collectively, the "Defendants") answer the allegations of the Complaint filed by J & J Sports Productions, Inc. (the "Plaintiff") as follows:

## JURISDICTION AND VENUE

1. Defendants admit that plaintiff's Complaint purports to bring this action under 47 U.S.C. §§553, 605, et seq., but denies that Plaintiff has any such claim or that any such claim is justified.

2. The allegations in paragraph 2 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

3. Defendants admit only that Ms. Lynn resides within the State of North Carolina and that Situations is located within the State of North Carolina. The other averments of paragraph 3 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

4. Defendants deny the averments of paragraph 4 of the complaint, except admit that the Court has personal jurisdiction over the Defendant.

## THE PARTIES

5. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 of plaintiff's Complaint and, therefore, denies same and puts plaintiff to its proof.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint, except that Ms. Lynn admits that she is the principal of Situations.

8. Defendants deny the allegations in paragraph 8 of the Complaint, except that Ms. Lynn admits that she performs supervisory functions on behalf of Situations.

9. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9 of plaintiff's Complaint and, therefore, denies same and puts plaintiff to its proof.

10. Defendants deny the allegations of paragraph 10 of the Complaint, except admit that Situations is a business located at 7801 University City Boulevard, Charlotte, NC 28213.

11. Defendants deny the allegations of paragraph 11 of the Complaint, except admit that Situations is incorporated under the laws of the State of North Carolina and aver that Situations is licensed in North Carolina.

12. Defendant denies the allegations of paragraph 12 of plaintiff's complaint.

13. Defendant denies the allegations of paragraph 13 of plaintiff's complaint.

## COUNT I

14. Defendants repeat and reallege their answers to paragraphs 1 through 13.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint and, therefore, denies same and puts plaintiff to its proof.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint and, therefore, denies same and puts plaintiff to its proof.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint and, therefore, denies same and puts plaintiff to its proof.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. The averments of paragraph 20 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

## COUNT II

25-30. Count II has been dismissed pursuant to the Order of August 5, 2008.

## COUNT III

31. Defendants repeat and reallege their answers to paragraphs 1 through 30.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. The averments of paragraph 33 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint..

## **AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

37. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief

can be granted.

## SECOND AFFIRMATIVE DEFENSE

38. There was no violation of 47 U.S.C. § 553 and/or 47 U.S.C. § 605(a) or (e) and if there was a violation, it was not willful.

## THIRD AFFIRMATIVE DEFENSE

39. Plaintiff has suffered no damages and/or has failed to mitigate its damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

40. At all times, defendant acted in a commercially reasonable and lawful manner.

## FOURTH AFFIRMATIVE DEFENSE

41. Defendants did not obtain any pecuniary gain from any display of the DeLaHoya/Mayweather program.

## FIFTH AFFIRMATIVE DEFENSE

42. The alleged damages sustained by plaintiff, if any, are the proximate result of the acts and/or omissions of parties over which Defendant exercised no control.

## SIXTH AFFIRMATIVE DEFENSE

43. Defendants hereby reserve the right to add, supplement, modify, change or amend any and all of their Affirmative Defenses as the facts and the circumstances become known through further discovery and/or investigation.

**WHEREFORE,** Defendants request judgment in their favor against plaintiff dismissing

all claims against them with an award of attorneys' fees and costs of this suit and that the Court grant such other and further relief as it may deem proper.

DATED: 8/15/08

by: *[signature]*
Jeffrey C. Watson, Esq.
Hammer & Hanf, P.C.
3125 Springbank Lane
Suite G
Charlotte, NC 28226
(704) 927-0400 Phone
(704) 927-0485 Fax
*Attorney for Defendants*
*Leah Patrice Lynn and Situations, Inc..*

Case 3:07-cv-00439-MR-DCK   Document 16   Filed 08/15/08   Page 6 of 6

6